UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| ANNETTE G. GAY | * | CIVIL ACTION NO.  07-0648 |
| VERSUS | * | JUDGE HICKS |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

### REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

### Background & Procedural History

Annette Gay filed the instant application for Disability Insurance Benefits on August 2, 2004. (Tr. 40-43). She alleged disability since January 21, 2005, due to problems with her ankles. (Tr. 41, 61-62). The claims were denied at the initial stage of the administrative process. (Tr. 26, 29-32). Thereafter, Gay requested and received an August 8, 2006, hearing before an Administrative Law Judge ("ALJ"). (Tr. 130-150). However, in an October 31, 2006, written decision, the ALJ determined that Gay was not disabled under the Act, finding at Step Five of the sequential evaluation process that she retained the residual functional capacity to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 9-18). Gay appealed the adverse decision to the Appeals Council. On February 7, 2007, the Appeals

Council denied Gay's request for review; thus, the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On April 10, 2007, Gay sought review before this court. She alleges the following errors:

(1)   the ALJ's decision is not supported by substantial evidence; and

(2)   the ALJ failed to find that there were significant numbers of jobs in the economy which Gay could perform and maintain.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

**Determination of Disability**

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).   Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3)  An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

>    (5)   If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See, Boyd v. Apfel, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Gay suffered from severe impairments of hypertension, obesity, and status post-bilateral ankle surgery. (Tr. 14). However, the ALJ concluded that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id*. The ALJ then determined that Gay retained the residual functional capacity to perform sedentary work and frequent postural activities (but no climbing ladders, ropes or scaffolds), reduced by the need to occasionally use a cane for assistance with ambulation and the need to elevate her feet and legs below a table/desk for up to two hours per workday. *Id*.[1]

---

[1]   Sedentary work entails:
>    . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.

Plaintiff contends that the ALJ failed to consider the combined effect of her impairments. However, the ALJ carefully considered the medical record, applicable rules and regulations, and the hearing testimony. The ALJ documented plaintiff's June 25, 2005, consultative physical examination with Mohammad Burney, M.D. (Tr. 103-105). During the examination, Gay reported that her main and only complaint was subjective numbness on the lateral aspect of her tibiotalar articulation. *Id*. She reported that she had undergone surgery on both of her feet, but that surgery had worsened her condition. *Id*. She complained that both ankles give out on her following prolonged standing and walking. *Id*. She experiences no pain with prolonged sitting. *Id*. She uses non-prescribed stabilizing boots and special orthotics on both ankles. *Id*. She nevertheless exhibited a normal gait and station, and was able to toe walk and heel walk without difficulty. *Id*. Dr. Burney diagnosed "subtalar arthrodesis performed bilaterally with concomitant progression of tibiotalar arthropathy secondary to the subtalar fusion." *Id*. However, his report did not include any functional limitations.

At the administrative hearing, plaintiff testified that she suffered from hypertension, but that she took medication which ameliorated the condition. (Tr. 139-140). She also stated that she could stand for about 30 minutes at a time and sit without difficulty provided she could prop her feet up. (Tr. 142).

Plaintiff argues that the ALJ failed to consider the effects of her obesity. However, the ALJ specifically noted the concerns behind Social Security Ruling 02-1p, and carefully considered plaintiff's obesity in relation to the medical record and residual functional capacity.

---

> Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

(Tr. 15-16).

Plaintiff suggests that the ALJ did not consider her subjective complaints of pain. Indeed, "[p]ain, alone or in conjunction with other impairments, may be disabling, and the [Commissioner] is obliged to weigh subjective evidence of its existence." *Dellolio v. Heckler*, 705 F.2d 123, 127 (5th Cir. 1983)(citations omitted). Here, the ALJ considered plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms, but found them credible only to the extent consistent with the medical evidence and the residual functional capacity. (Tr. 15). The ALJ's decision as to the credibility of plaintiff's complaints of pain is entitled to considerable judicial deference if supported by substantial evidence. *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986); *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991). Factors that the ALJ may consider in evaluating the claimant's subjective complaints include: (1) claimant's daily activities; *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Anthony v. Sullivan*, 954 F.2d 289, 296 (5th Cir. 1992); *Reyes v. Sullivan*, 915 F.2d, 151, 155 (5th Cir. 1990); (2) medication the claimant takes for pain; *Anthony v. Sullivan, supra; Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990); (3) degree of medical treatment; *Villa v. Sullivan, supra; Nickerson v. Secretary of Health and Human Services*, 894 F. Supp. 279 (E.D. Tex. 8/3/1995); (4) lack of medical opinions in the record indicating the claimant is precluded from performing the level of activity indicated by the ALJ; *Villa v. Sullivan, supra*; and (5) external manifestations of debilitating pain such as marked weight loss. *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *see also* 20 C.F.R. §§404.1529(C)(3)(I)-(vii), 416.929(c)(3)(I)-(vii) (1993).

As noted above, the June 25, 2005, consultative examination indicated that plaintiff did not have any pain complaints upon sitting for prolonged periods. (Tr. 103). Records from an August 5, 2005, emergency room visit reveal that plaintiff took over-the-counter Ibuprofen for

pain relief. (Tr. 120). Plaintiff remained ambulatory and was able to toe/heel walk. *Id*. Notes from a June 22, 2006, emergency room visit reveal that plaintiff presented with a burning, throbbing pain in both feet. (Tr. 118). She reported that she could not stand for a long period of time. *Id*. However, no pain was elicited upon palpation; she was able to walk upon discharge. *Id*. Moreover, less than two months later, plaintiff stated that she could stand and move about for 30 minutes. (Tr. 142). In other words, plaintiff's allegations of pain were considered by the ALJ and are reflected in the limitations recognized in the ALJ's residual functional capacity assessment.

With the assistance of a vocational expert, the ALJ determined at Step Five of the sequential evaluation process that plaintiff retained the residual functional capacity to make an adjustment to other work, including such jobs as a final assembler or finisher, which exists in substantial numbers in the national economy. (Tr. 17). Plaintiff complains that the ALJ failed to address whether she could maintain any such employment for a significant period of time. *See, Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). However, the Fifth Circuit has confirmed that remand for a determination of whether a claimant can maintain employment is not required where, as here:  1) the claimant did not assert that her condition would only periodically preclude her from working, and 2) did not offer medical evidence that her condition would intermittently prevent her from maintaining employment or functioning in the employment context. *Wise v. Barnhart*,  101 Fed. Appx. 950, 2004 WL 1372922 (5th Cir. 2004) (unpubl.).

For the reasons stated above, the undersigned finds that the Commissioner's decision is supported by substantial evidence and is free of legal error.  Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **AFFIRMED**, and that this civil action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of May, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE